IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN P. SCHMITT
and TINA SCHMITT,

    Plaintiffs,

v.                                        Civil Action No. 5:18CV105
                                                            (STAMP)

RANDOLPH GOFF and
STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND AND
DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS**

I. Background

The plaintiffs, Stephen P. Schmitt and Tina Schmitt, originally filed their complaint in the Circuit Court of Marshall County, West Virginia against defendant Randolph Goff alleging personal injury and defendant State Farm Mutual Automobile Insurance Company ("State Farm") alleging breach of contract, Unfair Trade Practices Act violations, and bad faith. ECF No. 1-2. Plaintiffs seek to recover all underinsured motorist coverage benefits from State Farm, any extra-contractual benefits, compensatory damages, attorney's fees and costs, annoyance and inconvenience, other general damages, and punitive damages.

Defendant State Farm removed this action to this Court on June 20, 2018. ECF No. 1. In the notice of removal, State Farm asserts that this is a civil action over which this Court has original

jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed by State Farm pursuant to the provisions of 28 U.S.C. § 1441, because there is complete diversity as to all real parties in interest. ECF No. 1 at 2. Further, State Farm asserts that it has a good faith belief that the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Id.

State Farm states that there is complete diversity because the plaintiffs are residents of West Virginia and State Farm is an Illinois corporation with its principal place of business in Illinois. State Farm states that Randolph Goff ("Goff") has settled with the plaintiffs in this civil action and further contends that defendant Goff, although a West Virginia resident, is a nominal party - not a real party in interest - whose citizenship should be disregarded for purposes of considering this Court's jurisdiction under 28 U.S.C. § 1332. See Sanders v. State Farm Ins. Co., 2007 WL 2740657, FN1 (S.D. W. Va. 2007) (citing Tilley v. Allstate Ins. Co., 40 F. Supp. 2d 809 (S.D. W. Va. 1999)).

Next, State Farm contends that the amount in controversy exceeds $75,000.00. In support, State Farm states that although plaintiffs have not submitted a settlement demand to State Farm regarding the claims in their complaint, plaintiffs claim $41,983.00 in special damages, including $15,576.00 in medical expenses, $5,407.00 in lost wages, and $21,000.00 in other special damages. Defendant states that plaintiffs also claim permanent

injuries which will require future medical treatment, and in addition to special damages and future medical expenses, plaintiffs seek to recover general damages.  Based on the amount of special damages identified in the complaint, State Farm asserts that plaintiffs' compensatory damages claim could far exceed $75,000.00, exclusive of interest and costs.  ECF No. 1 at 4.

Defendant State Farm then filed a motion to dismiss Counts Three and Four of the plaintiffs' complaint (ECF No. 3) under Federal Rule of Civil Procedure 12b(6) asserting that the plaintiffs fail to state sufficient facts in support of their bad faith claims under the common law and under the Unfair Trade Practices Act ("UTPA"), West Virginia Code § 33-11-4(9).  ECF No. 3-1.  Plaintiffs filed a response in opposition to the motion to dismiss.  ECF No. 7.  Plaintiffs also filed a motion to stay the decision on the motion to dismiss pending remand.  ECF No. 8. State Farm's motion to dismiss (ECF No. 3) has been stayed by this Court's order granting plaintiffs' motion to stay decision on the motion to dismiss until such time as this Court rules on the plaintiffs' pending motion to remand.  ECF No. 9.

On the same day as the defendant's motion to dismiss, the plaintiffs filed a motion to remand (ECF No. 4), in which they argue that the defendant has failed to satisfy its burden of proving that the amount in controversy exceeds $75,000.00,

exclusive of interest and costs, and that complete diversity jurisdiction is lacking in this case. ECF No. 4 at 1.

The plaintiffs' motion to remand argues the plaintiffs, in the ad damnum clause of the complaint, demanded judgment against the defendants in an amount to be determined, and did not plead a specific amount sought as West Virginia does not require such pleading. ECF No. 4 at 19-20. The plaintiffs assert that prior to the filing of the complaint, the plaintiffs did not make a demand for an amount equal to or in excess of the amount in controversy, $75,000.00, exclusive of interest and costs. In fact, prior to the filing of the underlying complaint herein, the plaintiffs had made a demand for the limits of their State Farm underinsurance benefit coverage of $25,000.00. ECF No. 4 at 20. Plaintiffs contend that at the time of removal, defendant State Farm had extended no settlement offers at all, let alone an offer in excess of the jurisdictional amount in controversy. Plaintiffs assert that, to the contrary, in response to plaintiffs' demand for the $25,000.00 limits of underinsurance coverage, defendant State Farm refused, via letter dated February 1, 2018, to make any offer on the basis that State Farm "concluded that the tortfeasor's $25,000.00 policy limits were sufficient in this claim." Furthermore, plaintiffs state that defendant State Farm incorrectly represents the special damage allegations in plaintiffs' complaint, suggesting that plaintiffs allege special damages of $42,983.00; however,

4

plaintiffs contend that is not accurate. Plaintiffs state that the complaint alleges $15,576.00 in medical expenses to date, and loss of income of $5,407.00 which total approximately $21,000.00 of special damages to date. ECF No. 4 at 21. Furthermore, plaintiffs argue that many of the items of damage alleged in the plaintiffs' complaint are unliquidated and indeterminate in character, and the assessment of such damages is the peculiar and exclusive province of the jury such that the damages cannot reasonably be calculated. ECF No. 4 at 21. Under these circumstances, plaintiffs contend State Farm has not met its burden, and merely relies upon speculation, not facts, and therefore removal was inappropriate as this Court lacks subject matter jurisdiction. ECF No. 4 at 22.

Defendant State Farm filed a response in opposition to the plaintiffs' motion to remand. ECF No. 6. In response, State Farm initially states "[n]otably, Plaintiffs do not dispute that complete diversity exists among all 'real parties in interest.'" ECF No. 6 at 2. Defendant State Farm then argues that the instant case is very different from the cases cited in the first section of plaintiffs' motion to remand stating that in this underinsured motorist coverage and bad faith case, there is sufficient information regarding plaintiffs' claims for damages to allow this Court to exercise jurisdiction pursuant to 28 U.S.C. § 1332.

First, defendant asserts it is not too speculative for this Court to consider the multiplier for punitive damages assigned in

other cases in determining the amount in controversy. ECF No. 6 at 5. Defendant states that punitive damages are recoverable in bad faith claims against insurance companies, and those damages augment compensatory damages in determining the amount in controversy for purposes of federal diversity jurisdiction. ECF No. 6 at 5. Moreover, defendant argues it is not too speculative for this Court to conclude that plaintiffs' claim for special damages will exceed the underinsured motorist benefits available, especially because plaintiffs claim permanent injuries, future medical damages, and damages for annoyance and inconvenience and other general damages, which inflate the amount in controversy. ECF No. 6 at 6. Defendant adds that "[a]lthough the specific amount claimed is not stated by Plaintiffs, this Court may use its common sense to conclude that these damages, plus the punitive damages claimed, satisfy the amount in controversy." ECF No. 6 at 6. Finally, defendant adds that because plaintiffs claim a right to recover attorney's fees in addition to their claim for underinsured motorist benefits, <u>Marshall v. Saseen</u> and <u>Hayseeds, Inc. v. State Farm Fire & Casualty</u>, apply in regard to presumptive calculation of reasonable attorney's fees. ECF No. 6 at 6. Thus, defendant argues that even though plaintiffs' attorney's fee claim is not quantified in the complaint, common sense allows this Court to conclude that the attorney's fee sought, coupled with the

special, punitive, and other general damages outlined above, satisfy the amount in controversy. ECF No. 6 at 6.

The plaintiffs filed a reply to State Farm's response in opposition. ECF No. 10. In reply, the plaintiffs maintain that this case should be remanded because the defendant has failed to prove that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ECF No. 10 at 1. Plaintiffs contend that defendant State Farm, in both its notice of removal and its response "simply re-lists the causes of action and categories of damages," relies purely on speculation and no competent proof, and has failed to submit any documents, evidence, or affidavits with its notice of removal. ECF No. 10 at 1. Plaintiffs reiterate that they did not plead a specific amount sought, and at the time of defendant's removal, had not made any demands in excess of the jurisdictional amount. ECF No. 10 at 2. Plaintiffs add that in order to prevail upon their underinsurance claim, they must first obtain a judgment or verdict in excess of $25,000.00, which is the limits heretofore received from Progressive Insurance Company, which is defendant Goff's liability carrier. ECF No. 10 at 2. Plaintiffs assert that defendant's argument regarding punitive damages is purely speculative and the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. ECF No. 10 at 2. Finally, plaintiffs assert that any claim for attorney's fees at this juncture is speculative and conditional.

7

ECF No. 10 at 4. For those reasons, the plaintiffs believe the amount in controversy requirement remains unsatisfied and, therefore, seek to remand this civil action.

For the reasons set forth below, the plaintiffs' motion to remand (ECF No. 4) is GRANTED, and the defendant's motion to dismiss Counts Three and Four of plaintiffs' complaint (ECF No. 3) is DENIED WITHOUT PREJUDICE.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization, Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic

Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

This Court recognizes that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 555 (2014). Nonetheless, this Court has previously found that Dart does not

9

require it to grant jurisdictional discovery and, thus, this Court has routinely exercised its discretion to deny such requests. See Antal v. State Farm Mut. Ins. Co., No. 5:15CV36, 2015 WL 2412358, at *3 (N.D. W. Va. May 20, 2015) (denying the plaintiff's request for jurisdictional discovery upon finding "that the language contained in . . . 28 U.S.C. § 1446(c)(3)(A) is related to discovery taken in the state court, not discovery that is taken in the federal court after removal"); O'Brien v. Falcon Drilling Co., No. 5:15CV13, 2015 WL 1588246, at *6 (N.D. W. Va. Apr. 9, 2015) (suggesting that discretionary jurisdictional discovery is appropriate only where "further evidence is revealed through discovery in the state court, a filing by the plaintiff, or some 'other paper'").

### III. Discussion

Upon review, although plaintiffs raise the issue of complete diversity in their initial motion to remand, the plaintiffs abandon this contention during the parties' briefing and do not appear to dispute that all real parties in interest create federal jurisdiction. Thus, this Court finds that there is no dispute that complete diversity exists. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441.

Based on the record before this Court, the plaintiffs' motion to remand must be granted. The defendant State Farm fails to demonstrate that the amount in controversy requirement has been

10

satisfied. In its response in opposition, the defendant merely relies on the plaintiffs' allegations about potential attorney fees, "coupled with" the special, punitive, and other general damages, and asks this Court to utilize "common sense" to conclude that the amount in controversy is satisfied. ECF No. 6 at 6. This Court finds defendant's argument unavailing as it rests on damages which are not quantified and are speculative and conditional at best.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213–15. At this time in the civil action, the amount of damages that may or will be recovered is unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583. Therefore, because the defendants only speculate as to the amount of damages, removal is improper. As stated earlier, removal jurisdiction is strictly construed and, if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151. Here, doubts exist as to that jurisdiction. This Court also denies the defendant's motion to dismiss without prejudice.

The Court notes, however, that nothing prevents defendant from filing a second notice of removal should the case become removable within one year. See 28 U.S.C. § 1446(b)(3) (2012) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Accordingly, the plaintiffs' motion to remand is granted, and this civil action is remanded to the Circuit Court of Marshall County, West Virginia. Because this Court does not have jurisdiction over this matter, defendant's motion to dismiss is denied without prejudice.

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 4) is GRANTED. Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Marshall County, West Virginia. Additionally, the defendants' motion to dismiss (ECF No. 3) is DENIED WITHOUT PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 12, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE